**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 98-6656-CIV-MOORE
MAGISTRATE JUDGE GARBER

LESTER SWARTZ,

      Plaintiff,

v.

LENS EXPRESS, INC.,
*et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference dated January 11th, 1999 from

United States District Judge K. Michael Moore.  Pursuant to such reference the Court has received

numerous motions filed by the plaintiff, as well as defendants' Motion for Sanctions pursuant to

Rule 11.  The Court held a hearing on all pending motions on January 29, 1999 which was attended

by the *pro se* plaintiff and counsel for the defendants.

## DISCUSSION

The complaint in this cause asserts jurisdiction based upon a claim of diversity as permitted

by 28 U.S.C. §1332(a)(1).  Plaintiff's complaint names as a defendant Lens Express, Inc. which is

a Florida corporation doing business within the State of Florida.  Plaintiff was employed by Lens

Express, Inc. and it is out of such employment that the facts set forth in the complaint have arisen.

It is thus apparent to the Court that Lens Express, Inc. is an indispensable party to this action.

28 U.S.C.§1332 *inter alia* states as follows:

**§ 1332. Diversity of citizenship; amount in controversy; costs**

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different States; . . . . .

It is clear to the undersigned that the requirements of § 1332(a)(1) are not satisfied here since the defendant Lens Express, Inc. is a Florida corporation and plaintiff is a resident of Florida. Diversity jurisdiction does not exist where plaintiff is a citizen of a state of which any defendant is also a citizen. Ravic, Inc. v. Cinram, Inc., 907 F.Supp. 102 (S.D.N.Y. 1995; L.P. Commercial Corp. v. Caudill, 870 F.Supp. 743 (S.D.Tex.1994).

Inasmuch as Lens Express, Inc. is a necessary and indispensable party and is a Florida corporation and plaintiff is a resident of Florida, such facts defeat plaintiff's claim that this Court has jurisdiction in this cause based upon diversity of citizenship.

## CONCLUSION AND RECOMMENDATION

For the reasons set for herein and the Court being fully advised in the premises, the undersigned respectfully

RECOMMENDS that this cause be DISMISSED for lack of subject matter jurisdiction. The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

2

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 29th

day of January, 1999.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Moore
Counsel of record
Lester Swartz, *pro se*

3